GEORGE HARRISON AND SAMUEL CALHOUN, *Partners trading under the Firm of* DUNCAN, CALHOUN & Co. *vs.* DAVID GREEN, *trading under the Firm of* GREEN & Co.—*June,* 1848.

The owners and consignors of certain packages of goods took from *S. & Co.* common carriers in the city of *Phila.* a receipt, by which said carriers agreed to forward said goods, directed to the owners at "*Georgetown, Ky.*" from the former city to *Cumberland,* and there deliver the same to the four-day line agent. Upon the back of this receipt, the consignors afterwards wrote and signed the following endorsement: "*Messrs. Green & Co.* at *Cumberland,* deliver the goods on the within receipt for four-day line to *Duncan, Calhoun & Co.*" and delivered the same to said *D. C. & Co. G. & Co.* to whom this endorsement was directed, resided in *Baltimore,* and were common carriers, and as such, were in the habit of forwarding goods sent by *S. & Co.* from *Phila.* to *Baltimore,* through to *Cumberland. Held,*

That the delivery of this receipt, with its endorsement to *D. C. & Co.* by the appellants, and an exhibition thereof by them to *G. & Co.* the appellees, though accompanied by a tender to pay the charges due on said packages, did not give the appellants the right to maintain an action of replevin for the goods.

APPEAL from *Allegany* County Court.

This was an action of *replevin,* instituted by the appellants on the 13th April, 1846, against the appellee for the recovery of sixteen packages of goods marked, "*McCalla & Rankin, Georgetown, Kentucky,*" in the possession of the defendant as a common carrier.

The goods were replevied by the sheriff and appraised at $6,250. The defendant then moved to quash the writ, for the following reasons: 1st. Because the plaintiffs did not file with the clerk of the court a bond in a sum double the value of the goods replevied and delivered. 2d. Because it appears from the proceedings, that they filed a bond of only $500, and the goods replevied from the defendant and delivered to the plaintiffs, were appraised at $6,250.

This motion the court overruled, and the defendant then pleaded the following pleas:—

1st. *Non cepit.* 2d. Property in the defendant *Green.* 3d. Property in *Samuel Brewer,* agent of the four-day line. 4th. Property in the firm of *Adams & Co.* 5th. The defendant avows the taking, because he is a forwarding commission merchant and common carrier in the city of *Baltimore,* engaged in forwarding and carrying goods from sa'd city to the *Baltimore and Ohio Rail-road Depot,* at *Cumberland,* and on the 9th April, 1846, received the packages in question under a contract with *Adams & Co.,* to forward the same to the Rail-road Depot at *Cumberland,* and there to deliver the same to the agent of the four-day line, viz: one *Samuel Brewer,* and did forward and *deliver* the same accordingly before the issuing of the writ original in this cause.

The plaintiffs replied to the 1st, 2d, 3d and 4th pleas, and demurred to the 5th. This demurrer being overruled, issues were afterwards joined on all the pleas.

1st EXCEPTION.—At the trial, the plaintiffs to maintain the issues on their part, offered in evidence the following receipt:

"ADAMS & Co's EXPRESS."

"Eastern, Western and Southern Package Express, for the conveyance of merchandise, specie, baggage, &c. &c., and insurance effected, whenever required on any package, to its full amount of value. Offices:—9 *Court* street, *Boston;* 17 *Wall* street, *New York;* 80 *Chesnut* street, *Philadelphia;* 7 *Light* street, *Baltimore; Pennsylvania Avenue, Washington.*

"N. B.—*Adams & Co.* are alone responsible for the loss or injury of any article or property of any description entrusted to their care; nor is any risk assumed by the owners of the *New York* and *Norwich* steamboats, the *Norwich* and *Worcester* and *Boston* and *Worcester Rail-road Companies,* or any of the Companies transporting their cars.

"*Philadelphia, April* 8, 1846.

"Received of Messrs. '*McCalla & Rankin,*' sixteen packages, marked *McCalla & Rankin, Georgetown, Kentucky,* which we promise to forward to *Cumberland,* and deliver to the four-day line agent, (loss by fire, water, breakage, leakage and perils of the seas excepted.) *For* SANFORD & Co."

" Which receipt was admitted to be in the hand-writing and given by *Sanford & Co.*, common carriers in the city of *Philadelphia*, and also exhibited an endorsement on the back of the said receipt, as follows :—

" *Messrs. Green & Co.* at *Cumberland*, deliver the goods on the within receipts for four-day line to *Duncan, Calhoun & Co.*
McCALLA & RANKIN, *of Georgetown, Ky.*"

And proved by the testimony of *F. C. McCalla and Harrison Rankin*, competent witnesses, taken under a commission issued for that purpose, that the sixteen packages specified in the said receipt so endorsed, were the property of the said *F. C. McCalla & Harrison Rankin*, partners trading under the firm of *McCalla & Rankin*, at the time the endorsement was made, and that said *McCalla* had signed the writing on the back of said receipt, in the name of said *McCalla & Rankin*, on the eleventh day of April, 1846, in the town of *Cumberland*, and handed said receipt then and there, with its endorsement, to the plaintiffs.

And then proved by *George Shafer*, a competent witness, that said *Shafer*, as the agent of the plaintiffs, who are merchants in the town of *Cumberland*, presented the receipt, with its endorsement, on the 11th April, 1846, to *George J. Caldwell*, the agent of the defendants, and that said *Shafer* then requested said *Caldwell* to furnish him the amount of the charges due upon the said packages, and offered to pay the same, and that said *Shafer*, at the same time, requested *Caldwell* to deliver said packages to him for the plaintiffs. That said packages were at that time in the possession of said *Caldwell*, as agent for the defendants. But that *Caldwell* refused to furnish said *Shafer* with the amount of said charges or to receive the money for the same, and positively refused to deliver said packages to the plaintiffs.

The plaintiffs then proved by *George J. Caldwell*, a competent witness, that he is the agent of *Green & Co.* in *Cumberland*, and that said *Green* resides in *Baltimore*. That *Green & Co.* are in the habit of carrying goods sent through *Sanford*

*& Co.* by *Adams' Express Line,* from *Philadelphia* to *Baltimore,* through from *Baltimore* to *Cumberland.* That witness received the sixteen packages in *Cumberland* from *Green & Co.,* by rail-road on the 11th April, and that the packages were charged with freight as from *Philadelphia.*

The defendants then proved by said *Caldwell,* that the Saturday preceding the issue of the replevin the receipt, with its endorsements, was shown to him by *George Shafer,* but the witness said that the said endorsement was not accompanied by the direction to " *Messrs. Green & Co.*"

The defendants further proved by said *Caldwell,* that he had spoken with *Samuel Brewer,* the agent of the four-day line at *Cumberland,* on Saturday the 11th April, to forward the said packages to *Wheeling,* and that said *Brewer* agreed to take said packages, and upon the ensuing Monday after said *Brewer* had agreed to take said packages, said *Brewer* had his wagon at the warehouse of *Agnew & Co.* where *Caldwell* had placed them by the direction of *Brewer,* and where *Green & Co.* did business, with intent to take the same. And also that the said packages were in the warehouse so occupied, when the writ of replevin was executed. Said *Caldwell* also stated that he had delivered the sixteen packages to *Samuel Brewer,* the agent of the four-day line, before the replevin was served.

The plaintiffs then proved by *Samuel Brewer,* the agent of the four-day line, that he never had possession of the said sixteen packages, and that they never were delivered to him as such agent, and further proved by the return of the sheriff, that the said sixteen packages were taken out of the possession of *Green & Co.*

The plaintiffs also proved by *George Shafer,* that the direction of *Green & Co.,* was contained in the endorsement on the receipt, when it was exhibited by him to *Caldwell.*

And thereupon the plaintiffs prayed the court to instruct the jury, that if they should believe from the evidence in the cause, that the said *McCalla & Rankin* were the owners and consignors of the packages in controversy upon the 11th April, 1846, and that the said *McCalla & Rankin* being such

61    v.6

owners and consignors, had delivered the receipt for the said packages, with its endorsement, to the plaintiffs in this cause on that day, and that the said plaintiffs had caused the said receipt, with its endorsement, to be shown to the agent of the defendants, and had offered to pay all charges due thereon, and that the defendants had refused to accept the amount of the said charges, and to deliver the said sixteen packages to the plaintiffs, and if they should further find that the said defendants, at the time of the execution of the writ of replevin, were in possession of the said packages, by virtue of the receipt of *Sanford & Co.*, that it is competent for the said plaintiffs to maintain their action for the said packages, and that their verdict must be for the plaintiffs accordingly.

 Which opinion and instruction, the court (MARTIN, C. J. and BUCHANAN, A. J.) refused to give, but instructed the jury that the delivery of the said receipt, with its endorsement, by the said *McCalla & Rankin* to the plaintiffs, although accompanied by an exhibition of the said receipt and endorsement to the defendants, and a tender to pay the charges due on the said packages, did not give the plaintiffs the right to sue in this action, and that their verdict must be for the defendants.

To which refusal to grant the said prayer of the plaintiffs, and to the opinion and instruction of the court, the plaintiffs excepted, and appealed to this court.

The cause was argued before DORSEY, C. J., SPENCE, and FRICK, J.

By JOHN T. EVANS and WM. PRICE for the appellants, who contended :—

1st. To maintain the action of *replevin* in *Maryland*, no further title is necessary in the plaintiffs other than a right to the possession of the property replevied, as against the defendant.

2d. That the possession of a common carrier's receipt for the conveyance of goods, forwarded by the *owner* of the goods on his own account, and given to said *owner* as *consignor* of the goods, endorsed over by the owner, with an order to the car-

rier or his agents, to deliver the goods contained in the receipt to a third party, and the exhibition of the receipt, with the order of the owner to the common carrier or his agents, by the party to whom it has been endorsed, accompanied by a tender of all charges due to said carrier, entitles the holder of the receipt, with the order, to the *possession* of the goods specified in it, as against the common carrier.

McKAIG for the appellee, insisted:—

1st. That the appellants had neither a general or special property in the goods, and therefore, could not bring this action in their own names.

2d. The endorsement by *McCalla & Rankin,* on the bill of lading conveyed to plaintiffs no property in the goods, but was a mere order or authority to receive the goods, as the agent of the owners, was without consideration, and therefore, did not authorize the plaintiffs to institute the action of replevin.

3d. The plaintiffs never had possession of the goods, in virtue of which alone, a special property in the goods could have been obtained by them, and there is no pretence, that they had any general property in the goods,—they could not, therefore, maintain replevin for the goods.

By the Court :                    JUDGMENT AFFIRMED.